<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KEVIN SMITH,** *et. al.*,  Plaintiffs,  v.  **GAVIN BISHOP,** *et al.*,  Defendants. | Civ. No. 20-12526 (ZNQ)(DEA)  **OPINION** |

<u>**QURAISHI, District Judge**</u>

THIS MATTER comes before the Court upon a Motion to Transfer Venue ("the Motion") filed by Plaintiffs Kevin Smith and Joanna Smith (collectively, "Plaintiffs") pursuant to 28 U.S.C. § 1631. (ECF No. 30.) Plaintiffs filed a brief in support of the Motion. ("Moving Br.", ECF No. 30), and Defendants Gavin Bishop, Corrosion Control Specialists Incorporated ("Defendant CCSI"), Allen Bishop, and Pat Bishop (collectively, "Defendants") opposed ("Opp'n Br.", ECF No. 31). Plaintiffs replied. ("Reply Br.", ECF No. 32.) The Court has carefully considered the Parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** Plaintiffs' Motion to Transfer.

**I.   <u>BACKGROUND AND PROCEDURAL HISTORY</u>**

For the purposes of this Motion, the Court sets forth only the facts that it deems relevant to the parties' dispute over whether to transfer forum. On September 10, 2020, Plaintiffs initiated the instant action by filing their first Complaint against Defendants. (ECF No. 1.) On October 14,

1

2020, Defendants moved to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (ECF No. 8.) The Court granted Defendants' first Motion to Dismiss on May 6, 2021. (ECF No. 17.) Plaintiffs subsequently filed an Amended Complaint ("Am. Compl.", ECF No. 18), and Defendants filed a Motion to Dismiss the Amended Complaint (ECF No. 20).

On July 29, 2022, the Court granted Defendants' Motion to Dismiss the Amended Complaint, finding that the Court lacked personal jurisdiction over Defendants. (ECF Nos. 23, 24.) The Court declined, however, to dismiss the Amended Complaint without considering whether a transfer was appropriate. (*See* ECF No. 24.) The Court noted that the transfer "issue was not briefed by the parties and [was] not properly framed before the Court." (*See id*. at 14.) The Court further stayed the dismissal pending further briefing on the transfer issue. (*Id*.) Accordingly, the Court Ordered that Defendants had thirty days to file a motion to transfer venue and properly brief the issue. (ECF No. 25.)

On September 14, 2022, Defendants filed a letter with the Court arguing that they should not be required to file the transfer motion because they did not raise the transfer issue. (See ECF No. 28.) The Court agreed and directed Plaintiffs to file and brief a Motion to Transfer. (See ECF No. 29.) On October 14, 2022, Plaintiffs filed the instant Motion to Transfer the case to the Middle District of Florida. (ECF No. 30.)

## II. <u>LEGAL STANDARD</u>

According to 28 U.S.C. § 1631, if a district court finds that it lacks jurisdiction over an action, it must, "if it is in the interest of justice, transfer such action. . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Thus, to affect a transfer pursuant to § 1631, the Court must find (1) that the action "could

have been brought" in the transferee district and (2) that transfer is in the interest of justice. *See, e.g., D'Jamoos v. Pilatus Aircraft Ltd.,* 566 F.3d 94, 109 (3d Cir. 2009).

Although it is a plaintiff's burden to establish that a court has proper personal jurisdiction over a defendant, "[i]n the preliminary stages of the litigation . . . that burden is light." *Id.* at 110 (alteration in original) (quoting *Doe v. National Med Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). A plaintiff is required to establish only a "prima facie showing of jurisdiction." *Id.* As for § 1631's second requirement, transfer will often be in the interest of justice because "dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)); *see also Edwards v. Leach Int'l*, Civ. No. 15-321, 2015 WL 7295440, at * 2 (D. Del. Nov. 18, 2015) (adding that "the presumption in favor of transfer can be rebutted if transfer would 'unfairly benefit the proponent,' 'impose an unwarranted hardship on an objector,' or 'unduly burden the judicial system'" (internal citations and quotations omitted)).

### III. DISCUSSION

#### A. WHETHER THE ACTION COULD HAVE BEEN BROUGHT IN THE MIDDLE DISTRICT OF FLORIDA AT THE TIME IT WAS ORIGINALLY FILED

Plaintiffs argue that the first prong of the 28 U.S.C. § 1631 is satisfied because Defendants are residents and/or maintain their principal place of business in Florida, subjecting them to personal jurisdiction in the state of Florida. (Moving Br. at 3.) Plaintiffs additionally contend that venue is proper in the transferee state because all Defendants are residents of the Middle District of Florida. (*Id.*) In opposition, Defendants assert that Plaintiffs failed to meet their burden to establish that transfer is warranted. (Opp'n Br. at 5.)

In reply, Plaintiffs assert that Defendants have already conceded that a transfer of this case to the Middle District of Florida is appropriate in their reply brief to the Motion to Dismiss the Amended Complaint. (Reply Br. at 1.)[1]

To satisfy the first prong of the transfer venue inquiry, the Court must find that the transferee court has (1) subject matter jurisdiction, (2) proper venue, and (3) personal jurisdiction. *American Fin. Res., Inc., v. Smouse*, Civ. No. 17-12019, 2018 WL 6839570, at *5 (D.N.J. Dec. 31, 2018) (citing 17 Moore's Federal Practice § 111.53). First, as to subject matter jurisdiction, Plaintiffs bring their claims in federal court under diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Plaintiffs allege damages that exceed $75,000.00. (*See* Am. Compl. ¶ 4.) Plaintiffs are residents of New Jersey, Defendants Gavin Bishop and Allen Bishop are citizens of Florida, and Defendant CCSI maintains its principal place of business in Florida. (*See id* ¶ 11.) Therefore, the facts as alleged in the Amended Complaint demonstrate that the Middle District of Florida would have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Second, venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. 28 U.S.C. §1391(b)(1). Here, all Defendants are either residents of the state of Florida or maintain their principal place of business in Florida. (*See* Am. Compl. ¶ 9–11.) Defendant CCSI maintains its principal place of business in Riverview, Florida, located in Hillsborough County, which is within the Middle District of Florida. (*Id.* ¶ 9.) Venue is therefore proper in the Middle District of Florida.

Finally, as to personal jurisdiction, Florida's long-arm statute provides for both general and specific personal jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1352 (11th Cir. 2013); Fla. Stat. § 48.193(1)-(2). General personal jurisdiction exists when a defendant "is

---

[1] Plaintiffs' reply brief lacks page numbers. The Court will therefore refer to the ECF-assigned page numbers.

engaged in substantial and not isolated activity within this state. . .whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). General personal jurisdiction is based on a defendant's substantial activity in Florida without regard to where the cause of action arose. *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220, n.27 (11th Cir. 2009). A defendant is subject to jurisdiction in the state of Florida if he maintains a business office in the state or operates or engages in business in Florida. Fla. Stat. § 48.193(1)(a)(1). Here, Defendant CCSI maintains its principal place of business in Florida, Defendant Gavin Bishop engages in business in Florida, and Defendants Allen and Pat Bishop, as owners of CCSI, operate a business in the state of Florida. (Am. Compl. ¶¶ 9–11.) The Middle District of Florida would therefore have personal jurisdiction over all Defendants. Accordingly, the third prong of the transfer venue analysis is also satisfied.

**B.     WHETHER TRANSFER IS IN THE INTERESTS OF JUSTICE**

Having found the Middle District of Florida is proper, the Court next considers whether the interests of justice favor the transfer by weighing convenience and fairness on a case-by-case basis. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.,* 566 F.3d 94, 110 (3d Cir. 2009).

Plaintiffs argue that transfer is in the interests of justice because Defendants will not be at any disadvantage litigating this matter in their home state. (Moving Br. at 3.) In opposition, Defendants assert that Plaintiffs should have known since the outset of their case that they lacked a reasonable basis for the Court to assert personal jurisdiction over Defendants in New Jersey. (Opp'n Br. at 8.) Defendants contend that because Plaintiffs should have known that jurisdiction was improper when Defendants filed their first motion to dismiss, and knew with certainty when it was granted, a transfer is not in the interests of justice. (*Id*. at 9.) Defendants assert that it is not in the interests of justice to reward Plaintiffs for their "inexcusable failure to file, or re-file, in the

proper venue after they forced Defendants to endure years of wasteful, unnecessary litigation in New Jersey." (*Id.*)

Determining where the interest of justice lies is left to the district court's discretion. *Kim v. Korean Air Lines Co., Ltd.*, 513 F. Supp. 3d 462, 476 (D.N.J. 2021) (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) ("Since the term 'interests of justice' is vague, district courts have a good deal of discretion in deciding whether to transfer a case.") (collecting cases from the Fourth, Eighth, and Ninth Circuits)); see *also Roberts v. United States*, 710 F. App'x 512, 514 (3d Cir. 2017) (per curiam).  When jurisdiction is clearly available in another court, as here, "[n]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, Civ. No. 19-17497, 2020 WL 7869213, at *2 (D.N.J. July 16, 2020) (alteration and citation omitted).

Transfer, as opposed to dismissal, also has the benefit of maintaining continuity and avoiding litigation over whether a refiled action is time-barred. *See Kurzweil v. Amtrak*, Civ. No. 19-19388, 2020 WL 5760423, at *4 (D.N.J. Sept. 28, 2020) ("[The interest of justice] requirement ordinarily will be satisfied if the statute of limitations has expired subsequent to the time of the original filing, so that transfer, rather than dismissal, will preserve the plaintiff's cause of action." (citation omitted)).  Section 95.11(3)(o) of the Florida Statutes  provides a four-year statute of limitation for actions for "assault, battery. . .or any other intentional tort[.]"  The limitation period begins to run from the time the cause of action accrues, *i.e.*, "where there is a claim capable of enforcement, a suitable party against whom it may be entered, and a party with a present right to enforce it." *Doe v. Dorsey*, 683 So.2d 614, 617 (Fla. 5th DCA 1996).

6

The date Plaintiffs' cause of action accrued was the date of the alleged incident, September 16, 2018. (Am. Compl. ¶ 25.) The statute of limitations on Plaintiffs' claims has therefore expired. A transfer, which "will preserve the plaintiff's cause of action," *Kurzweil*, 2020 WL 5760423, at *4, avoids that potential problem. For those reasons, a transfer rather than dismissal is in the interest of justice.[2]

IV.      CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiffs' Motion to Transfer. An appropriate Order will follow.

Date: **January 9, 2023**

s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court also notes that Defendants indicate in their Reply Brief to their Motion to Dismiss the Amended Complaint that the Middle District of Florida is an appropriate alternative forum for this matter. (ECF No. 23 at 7.) In fact, point heading two of the same brief states the following: "This Matter Should be Transferred to the Middle District of Florida". (*Id*.)