# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KEVIN SMITH and JOANNA SMITH,

      Plaintiffs,

v.                                                                    Case No. 8:23-cv-65-KKM-SPF

CORROSION CONTROL SPECIALISTS, INC., et al.,

      Defendants.

_____

## ORDER

On January 10, 2023, the District of New Jersey transferred this case to the Middle District of Florida based on Plaintiffs Kevin Smith and Joanna Smith's request. (Doc. 33; Doc. 34; Doc. 36.) That same day, the Court struck the Plaintiffs' amended complaint as an impermissible shotgun pleading and required Plaintiffs to file a second amended complaint by January 17, 2023. (Doc. 38.) Plaintiffs were warned that failure to comply by that date would result in dismissal. (*Id.*)

Instead of filing a second amended complaint as ordered, Plaintiffs' counsel submitted a letter to the Clerk's Office requesting an extension of 30 days. *See* Appendix A.[1] If counsel intended that letter to suffice as a motion, it did not. The Federal Rules of

---

[1] Although dated January 13, 2023, the Clerk's Office received the letter around 8 p.m. on January 17, 2023.

Civil Procedure require that a motion have a caption that includes "the court's name, a title, [and] a file number." Fed. R. Civ. P. 10(a). Although the letter identified the case number and court, it lacks a title. Local Rule 3.01(j) also prohibits parties from using "a letter, email, or the like to request relief or to respond to a request for relief." Thus, although timely, counsel's letter does not comply with the Federal Rules of Civil Procedure or Local Rules and did not properly present a motion for extension of time to file a second amended complaint.

The above irregularities could have easily been remedied in a proper motion to extend the time and the relief sought granted had the Court not lost power to do so. When a court dismisses a complaint with leave to amend within a specified time, that order "becomes a final judgment if the deadline to amend expires without plaintiff amending its complaint or seeking an extension of time." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719 (11th Cir. 2020). Upon expiration of the deadline, " 'the district court loses all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Id.* at 720. Thus "the only recourse for a plaintiff" is "to appeal," to "move to alter or amend the judgment," or to "move for relief from the final judgment." *Id.* Of course, a plaintiff may also refile the action if the dismissal was without prejudice and is not otherwise barred by the statute of limitations.

Accordingly, the action is **DISMISSED without prejudice**. The Clerk is directed to **TERMINATE** any pending motions and deadlines, **ENTER** judgment in favor of the Defendants, and **CLOSE** this case.

ORDERED in Tampa, Florida, on January 18, 2023.

Kathryn Kimball Mizelle
United States District Judge